**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD C. ARENDT; DAVID D. BROWN, | No. 12-35227 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-05135-LRS |
| v. | MEMORANDUM[*] |
| SETH D. HARRIS,[**] Acting Secretary, United States Department of Labor, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted May 6, 2013
Seattle, Washington

Before: HAWKINS, THOMAS, and NGUYEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Seth D. Harris, Acting Secretary of Labor, is substituted for his predecessor, Hilda L. Solis, Secretary of Labor, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Gerald C. Arendt and David D. Brown (collectively, "Arendt") appeal from the district court's dismissal of their as-applied challenge to the constitutionality of section 202(e)(8)(A) of the Pension Protection Act of 2006 ("PPA"), 29 U.S.C. § 1085(e)(8)(A).  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand because Arendt lacks Article III standing.

The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, generally prohibits pension plan amendments that reduce certain accrued pension benefits, including early retirement benefits under the "anti-cutback" rule.  29 U.S.C. § 1054(g); *Cent. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 741 (2004).  The PPA, which amended ERISA, contains certain exceptions to this rule. Underfunded plans in "critical status" as defined by the PPA, 29 U.S.C. § 1085(b)(2), are required, among other things, to adopt a "rehabilitation plan" to ensure the viability of the fund.  29 U.S.C. § 1085(a)(2)(A).  As part of such a rehabilitation plan, subject to qualifications set forth within the PPA, a pension plan may cut "adjustable benefits," 29 U.S.C. § 1085(e)(1)(B), including early retirement benefits otherwise protected by the "anti-cutback" rule, 29 U.S.C. § 1085(e)(8)(A)(i), (iv)(II).

Arendt's complaint against the Secretary of Labor alleges that the Washington-Idaho-Montana Carpenters-Employers Retirement Trust (the "Plan") eliminated early retirement benefits as part of a required rehabilitation plan.  It does not allege that the

2

Secretary was involved in the Plan's decision to cut early retirement benefits or that the Secretary has taken action to enforce the PPA's rehabilitation plan requirements against the Plan. *See, e.g.*, 29 U.S.C. § 1132(c)(8)(A) (authorizing Secretary to assess civil penalties for failure to adopt rehabilitation plan).

We are without power to reach Arendt's claims that the elimination of his early retirement benefits violated due process and equal protection because Arendt lacks standing. *See Am. Fed'n of Gov't Emps. Local 1 v. Stone*, 502 F.3d 1027, 1034 (9th Cir. 2012) ("[W]e have an independent duty to determine our jurisdiction."). "[T]o invoke the jurisdiction of the federal courts," Arendt "must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To have constitutional standing under Article III, a party must demonstrate an injury that is "'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (quoting *Monsanto Co. v. Geerston Seed Farms*, 130 S. Ct. 2743, 2752 (2010)).

Arendt has clearly suffered an injury. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1071 (9th Cir. 2011). Though, even assuming that Arendt's injury is traceable to defendant's action, *id.* at 1070, Arendt's injury is not redressable by a favorable

3

ruling from this court, *Clapper*, 133 S. Ct. at 1147. The Secretary was not responsible for the Plan's changes and cannot order the Plan administrator to reverse its decision to cut early retirement benefits. The administrator might do so voluntarily if we granted declaratory relief, but then again it might not. Plaintiffs may have to bring suit against the Plan administrator to ensure compliance. Until it is haled into a court of law, the Plan administrator is not subject to the court's jurisdiction. Accordingly, we cannot say that it is "likely . . . that the injury will be redressed by a favorable decision" by this court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)) (internal quotation marks omitted).

Because Arendt lacks standing, we are without power to reach the other issues raised on appeal. We "vacate the district court's order and remand with instructions to dismiss without prejudice." *Fleck & Assocs., Inc v. City of Phoenix,* 471 F.3d 1100, 1106–07 (9th Cir. 2006) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

**VACATED AND REMANDED with instructions.** Each party shall bear its own costs on appeal.